# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

**NOTICE OF ISSUANCE OF MANDATE**

DATE:   June 1, 2004

TO:   Norbert G. Jaworski
      United States District Court
      Southern District of Illinois
      Room 142
      750 Missouri Avenue
      P.O. Box 186
      East St. Louis, IL   62202

FROM:   Gino J. Agnello, Clerk

RE:   03-2181
      Brown, Robbyn v. Snow, John W.
      99 C 745, David R. Herndon, Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any.  A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

```
[ ] No record filed
[X] Original record on appeal consisting of:
```
**ENCLOSED:**                                        **TO BE RETURNED AT LATER DATE:**

| | | |
|---|---|---|
| [3] | Volumes of pleadings | [ ] |
| [1] | Loose pleadings | [ ] |
| [6] | Volumes of transcripts | [ ] |
| [1] | Box of exhibits | [ ] |
| [ ] | Volumes of depositions | [ ] |
| [2] | In Camera material | [ ] |
| [ ] | Other_____ | [ ] |

Record being retained for use    [ ]
in Appeal No. _____

Copies of this notice sent to:        Counsel of record
[ ]   United States Marshal
[ ]   United States Probation Office

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice.  Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: _____        _____
(1071-120397)                           Deputy Clerk, U.S. District Court

**RECEIVED** JUN 0 2 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

FILED
JUN - 2 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

<u>JUDGMENT- WITHOUT ORAL ARGUMENT</u>



Date: April 6, 2004

**BEFORE:**   Honorable KENNETH F. RIPPLE, Circuit Judge

Honorable MICHAEL S. KANNE, Circuit Judge

Honorable DIANE P. WOOD, Circuit Judge

No. 03-2181

ROBBYN BROWN,
         Plaintiff - Appellant
  v.

JOHN W. SNOW, Secretary of the Treasury,
DORIAN MORLEY, Director, Regional Complaints Center,
DELORIS FEATHERSTONE, Manager, et al.,
         Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Illinois
No. 99 C 745, David R. Herndon, Judge

The judgment of the District Court is AFFIRMED, with costs, in accordance with the decision of this court entered on this date.

(1060-110393)

```
UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53
```

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

*CERTIFIED COPY*

Submitted March 19, 2004[*]
Decided April 6, 2004

Before

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

*A True Copy: Tester [signature] of the United States [Appeals for the]*

| | |
|---|---|
| No. 03-2181 | |
| ROBBYN BROWN,<br>*Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Southern<br>District of Illinois |
| v. | No. 99-CV-0745 |
| JOHN W. SNOW, Secretary of the<br>Treasury, et al.,<br>*Defendants-Appellees.* | David R. Herndon,<br>*Judge.* |

## O R D E R

In 1996, Robbyn Brown, an accountant employed by the Internal Revenue Service in southern Illinois, applied for a promotion to the position of Temporary Grade 13 Revenue Agent. Her qualifications were good—on a scale of 1 to 5, her employee evaluations were in the 4-5 range. But the position went to Tim Neighbors, a white co-worker whose score in the comparative ranking for the position was higher than Brown's. The episode repeated itself in 1998, when there

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

was an opening for the same position on a permanent basis. Neighbors was again selected over Brown—not surprisingly, given that he had by then been doing identical work in the temporary position for two years.

Brown, however, was convinced that neither of the decisions was justified and that the IRS had discriminated against her as a black woman, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* Specifically, she believed that her manager, Richard Knowles, had deliberately and discriminatorily given easier assignments to Neighbors, helping him to compile a better work record—and thus obtain an unfair advantage—in the period leading up to the 1996 promotion. She contacted an EEO counselor about her concerns soon after the 1996 decision, and eventually filed a series of formal EEO complaints with the Regional Complaint Center of the Department of the Treasury. After the Center issued its final agency decision in June 1999, Brown filed a lawsuit in the district court.

Brown's fourteen-count complaint was centered on the 1996 and 1998 promotion decisions, but it encompassed a number of related issues as well. Several counts, brought under Title VII, concerned actions taken before the promotion decisions—primarily Knowles giving easier assignments to Neighbors—while others focused on events following Brown's initiation of EEO activity, including various forms of alleged retaliation—such as negative performance evaluations, refusal to give her desirable "acting manager" assignments, and denial of extra pay for work above her pay-grade level. In addition to these claims, Brown alleged that Kathleen Swain, who replaced Knowles as her manager in 1996, violated the Privacy Act, 5 U.S.C. § 552a, by disclosing materials from Brown's EEO file. Finally, she alleged that various constitutional violations—primarily the denial of due process and equal protection—were committed in the course of the EEO investigation.

Of the complaint's fourteen counts, some were dismissed, others were disposed of at summary judgment, and the remainder went to trial. The district court dismissed the constitutional claims, pointing out that Title VII is the exclusive remedy for federal employees alleging discriminatory employment practices. *See Brown v. General Services Administration*, 425 U.S. 820, 835 (1976). The court also dismissed the claims that Knowles had treated Brown unfairly before the 1996 promotion decision, finding that Brown failed to exhaust her administrative remedies because she did not contact an EEO counselor within 45 days of the alleged events. *See* 29 C.F.R. § 1614.105(a)(1).

After discovery, the defendants moved for summary judgment on the counts of improper disclosure under the Privacy Act. The court considered the two alleged instances of disclosure: (1) Swain asking a co-worker, Cheryl Pagan, to proofread

No. 03-2181                                                              Page 3

her responses to a questionnaire given to her in connection with Brown's EEO claim (which Pagan declined to do, and consequently never saw either the questionnaire or Swain's responses); (2) another co-worker, Karen Hudgins, seeing what she vaguely described as "something relating to an EEO file" but which was never identified nor shown to have been part of Brown's EEO file. Finding that neither of these events was a "disclosure," the court granted the motion for summary judgment on the Privacy Act claims. The court also granted summary judgment on the counts alleging discrimination and retaliation through negative performance evaluations and various forms of "increased work scrutiny" because, the court found, these did not amount to adverse employment actions.

The remaining counts (involving the 1996 and 1998 promotion decisions, the denial of acting manager assignments, and the denial of proper compensation for higher grade duty work) went to trial. After the evidence was presented, the court concluded that Brown "failed to establish a prima facie case" for any of the remaining counts: the evidence showed that Neighbors was more qualified than Brown for the positions in 1996 and in 1998; that the denial of acting manager assignments was not an adverse employment action; and that Brown was not entitled to increased pay for the higher grade-level assignments she had worked on. The court therefore granted the defendants judgment as a matter of law.

Brown's chief argument on appeal is that the evidence she presented did make out a prima facie case that the Department's promotion decisions were discriminatory. (She does not present any cogent argument challenging the court's other post-trial conclusions.) A prima facie case is, of course, the first step of the familiar *McDonnell Douglas* indirect method of proof. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, as we have repeatedly emphasized, the burden-shifting method of *McDonnell Douglas* is appropriate only for purposes of summary judgment; after the evidence has been presented at trial, the question is simply whether that evidence is sufficient to allow a reasonable jury to find in favor of the plaintiff. *See Staples v. Pepsi-Cola Gen. Bottlers, Inc.*, 312 F.3d 294, 299 (7th Cir. 2002); *Hall v. Gary Cmty. Sch. Corp.*, 298 F.3d 672, 675 (7th Cir. 2002). So although the district court framed its conclusion in terms of whether Brown made out a prima facie case, on review we need only ask whether the evidence reasonably supports Brown's claims.

Under either standard, however, it is clear that the evidence in this case does not support Brown's allegation that the Department's promotion of Neighbors was discriminatory: it is undisputed that Neighbors' rating was better than Brown's. Brown argues, nevertheless, that Neighbors' superior rating was made possible only by Knowles' favoritism toward him in the distribution of assignments—that, in effect, she was "set up to fail" in comparison. *See Herrnreiter v. Chicago Hous.*

No. 03-2181                                                                                          Page 4

*Auth.*, 315 F.3d 742, 746 (7th Cir. 2002); *McPhaul v. Bd. of Comm'rs of Madison County*, 226 F.3d 558, 565 (7th Cir. 2000). But although Brown spent much of the five-day trial trying to show the connection between the assignments Neighbors received and his ultimate ranking, the court found there to be no objective evidence of such a connection, concluding that Brown was "the only one [of those who testified] that seemed to believe that [Neighbors' assignments] were . . . easier cases." Brown tries to refute this conclusion by restating her belief that the assignments given to Neighbors allowed him to obtain an artificially high rating. However, absent any showing that those assignments were motivated by racial preference or animus, *see McPhaul*, 226 F.3d at 565, this conclusory assertion is not enough to overcome judgment as a matter of law.

Brown also challenges the district court's grant of summary judgment on her Privacy Act claims. The Privacy Act, 5 U.S.C. § 552a(b), prohibits an agency from "disclos[ing] any record which is contained in a system of records" without authorization. *See United States Dep't of the Navy v. Fed. Labor Relations Auth.*, 975 F.2d 348, 350 (7th Cir. 1992) The district court found no evidence that any such record was ever disclosed, given that Pagan never looked at the documents Swain asked her to proofread and that Hudgins could neither identify the document she saw nor affirm that it came from Brown's EEO file. Brown suggests that by requiring her to identify a specific document, the court placed an unwarranted burden on her to "know when or have an inventory of what contents were disclosed." But the burden is on the plaintiff at the summary judgment stage to come forward with specific evidence in the record that supports her claim and creates a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Morfin v. City of East Chicago*, 349 F.3d 989, 1002 (7th Cir. 2003). Because Brown was unable to do this, summary judgment was proper.

Brown's other arguments are less fully developed. She suggests that the district court incorrectly concluded that a negative performance evaluation was not an adverse employment action. She argues that the court focused only on the numerical aspect of the evaluation, which was favorable to her, and ignored the "negative and vindictive narrative" accompanying those numbers. But she doesn't even tell us what that narrative said, let alone show how it was vindictive and negative. So even assuming that a negative performance evaluation can be an adverse action for Title VII purposes (though it generally cannot, *see Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 902 (7th Cir. 2003)), we have no basis for disagreeing with the district court's conclusion.

Brown's remaining arguments concern administrative matters (such as discovery and sanctions) over which the district court has broad discretion, *see United States v. Pearson*, 340 F.3d 459, 467 (7th Cir. 2003) (discovery); *Cerutti v.*

No. 03-2181 Page 5

*BASF Corp.*, 349 F.3d 1055, 1067 (7th Cir. 2003) (sanctions), and she presents nothing to convince us that the court abused that discretion.

AFFIRMED.